410

**No. 44812.**—Protest 7815–K of Dan Brechner & Co. (New York).

Opinion by D'ALLINGER, J. In accordance with stipulation of counsel and on the authority of Abstract 41633 the pencil sharpeners in question were held dutiable at 40 percent under paragraph 339 as claimed.

**No. 44813.**—Protest 891667–G of M. Zwiebel (New York).

Opinion by DALLINGER, J. In accordance with stipulation of counsel and on the authority of Abstract 41633 pencil sharpeners were held dutiable at 40 percent under paragraph 339 as claimed.

**No. 44814.**—Protest 943014–G of Karl Guggenheim, Inc. (New York).

Opinion by DALLINGER, J. In accordance with stipulation of counsel and on the authority of Abstract 41633 pencil sharpeners were held dutiable at 40 percent under paragraph 339 as claimed.

**No. 44815.**—Protests 932762–G, etc., of Levin Bros. (New York).

Opinion by DALLINGER, J. In accordance with stipulation of counsel and on the authority of Abstract 41633 pencil sharpeners were held dutiable at 40 percent under paragraph 339 as claimed.

**No. 44816.**—Protest 36244–K of Wm. G. Young & Co., Inc. (New York).

Opinion by DALLINGER, J. There was nothing in the record to warrant disturbing the collector's action. Following the authorities in Abstract 15400 the claims were dismissed.

BEFORE THE THIRD DIVISION, NOVEMBER 28, 1940

**No. 44817.**—Protests 925050–G (B), etc., of Lansen-Naeve Corp. et al. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the authority of *Stokby* v. *United States* (4 Cust. Ct. 343, C. D. 358) it was held that 10 percent allowance should have been made for the weight of the gelatinous material in question.